UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| THE PLATINUM UNIT-OWNERS' ASSOCIATION, a Nevada non-profit corporation, | ) ) ) ) | Case No.: 2:14-cv-01076-GMN-GWF |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| RESIDENTIAL CONSTRUCTORS, LLC, a foreign limited liability company; and DOES 1 through 100, | ) ) ) ) | |
| Defendant. | ) ) | |

Pending before the Court is the Motion to Dismiss (ECF No. 4) filed by Defendant Residential Constructors, LLC ("Defendant") on July 2, 2014. Plaintiff The Platinum Unit-Owners' Association ("Plaintiff") filed its Response to the Motion to Dismiss (ECF No. 13) on July 15, 2014, and Defendant filed its Reply (ECF No. 16) on July 25, 2014.

Also pending before the Court are the Motion to Remand (ECF No. 8) and Motion to Amend Complaint (ECF No. 10) filed by Plaintiff on July 15, 2014. Defendant filed its Response to the Motion to Remand (ECF No. 18) and Response to Motion to Amend (ECF No. 19) on August 1, 2014.

For the reasons discussed below, the Court denies Plaintiff's Motion to Remand and Motion to Amend Complaint, and the Court grants Defendant's Motion to Dismiss.

## I. BACKGROUND

Plaintiff is a common-interest community owners' association formed under Nevada Revised Statutes Chapter 116 and is composed of the owners of residences, improvements, appurtenances, and structures existing on certain real property known as the Platinum Hotel or Platinum Condominium. (Compl. ¶¶ 1–3, ECF No. 1-1).  The Platinum Hotel is governed by a Declaration of Covenants, Conditions and Restrictions ("CC&R's"), which defines three separate forms of ownership over the real property: (1) units are owned by Plaintiff's members as separate interests; (2) the common elements, comprised of the airspace above and the ground below the structures, are owned by Plaintiff's members as tenants in common; and (3) the common facilities are owned by Marcus Hotels, Inc. and its related entities, including Platinum Development, LLC ("Hotel Owner"). (*Id.*; Mot. to Remand 1:12–21, ECF NO. 8; CC&R's, ECF No. 5-3).[1]  Defendant is a limited liability company registered in the State of Delaware with its principal place of business in the State of Missouri engaged in the business of home development and construction. (Compl. ¶¶ 4–6, ECF No. 1-1; Not. Of Removal ¶ 2, ECF No. 1).

Plaintiff alleges that Defendant was the developer and general contractor for the Platinum Hotel, and in that capacity, failed to design or construct various parts of the Platinum Hotel in a workman like manner, resulting in numerous defective conditions on the property. (Compl. ¶¶ 7–19, ECF No. 1-1).  The Hotel Owner subsequently assigned its rights to pursue claims for defective construction against Defendant to Plaintiff, and on May 29, 2014, Plaintiff filed the operable Complaint in state court asserting claims of (1) Breach of Implied Warranties, (2) Breach of Express Warranties, and (3) negligence. (*Id.* ¶¶ 20–37; Mot. to Remand 1:22–26, ECF No. 8; Assignment of Rights, Ex. 2 to Clifford Aff., ECF No. 14).

---

[1] The Court takes judicial notice of Exhibits A-C of Defendant's Request for Judicial Notice (ECF No. 5).  *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Each of these documents is publicly recorded in the Clark County Recorder's office.

Defendant timely removed the action to this Court on the basis of diversity jurisdiction and filed its pending Motion to Dismiss. (Not. Of Removal, ECF No. 1; Mot. to Dismiss, ECF No. 4). In addition to responding to Defendant's motion, Plaintiff filed its pending motions, seeking to add a diversity-destroying defendant and remand this case to state court. (Mot. to Amend, ECF No. 10; Mot. to Remand, ECF No. 8).

## II. LEGAL STANDARD

### A. Motions to Amend & Remand

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (internal citations omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

District courts have jurisdiction in two instances. First, district courts have subject matter jurisdiction over civil actions that arise under federal law. 28 U.S.C. § 1331. Second, district courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Therefore, the addition of a diversity-destroying defendant requires remand in a case where removal was based upon diversity jurisdiction. *Stevens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 949 (9th Cir. 2004); 28 U.S.C. § 1447(e).

"Although the permissive standard of Federal Rule of Civil Procedure 15(a) allows for amendment as a matter of course prior to the service of a responsive pleading, the proper standard for deciding whether to allow post-removal joinder of a diversity-destroying defendant is set forth in 28 U.S.C. § 1447(e)." *Khoshnood v. Bank of Am.*, CV 11–04551 AHM FFMX, 2012 WL 751919, at *1 (C.D. Cal. 2012); *see, e.g.*, *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1088 (C.D. Cal. 1999); *see also IBC Aviation Services, Inc. v. Compania Mexicana de*

*Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (recognizing that diversity-destroying amendment is analyzed under § 1447(e) and requires higher scrutiny than does amendment generally).

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court." 28 U.S.C. § 1447(e). The district court has discretion to deny or permit joinder that destroys diversity. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). When ruling on a motion that would destroy diversity jurisdiction, courts may consider the following factors:

> (1) [W]hether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant in state court; (3) whether there has been an unexplained delay in seeking to join the new defendant; (4) whether plaintiff seeks to join the new party solely to defeat federal jurisdiction; (5) whether denial of the joinder would prejudice the plaintiff; [and] (6) the strength of the claims against the new defendant.

*Lieberman v. Wal–Mart Stores, Inc.*, No. 2:12–cv–1650–JCM (PAL), 2013 WL 596098, at *2 (D. Nev. Feb. 15, 2013) (quoting *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1020 (C.D. Cal. 2002)).

**B. Motion to Dismiss**

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering

whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III. DISCUSSION

### A. Motion to Amend & Remand

In the Motion to Amend, Plaintiff seeks to add Keenan, Hopkins, Suder & Stowell Contractors, Inc. ("KHS&S"), a Nevada corporation who acted as a subcontractor for Defendant on the Platinum Hotel construction, as a defendant in their Complaint. (Mot. to Amend 2:17–3:20, ECF No. 10). Because KHS&S and Plaintiff are both Nevada citizens, the inclusion of KHS&S in this action would destroy this Court's diversity jurisdiction and necessitate a remand to state court. *See Stevens*, 378 F.3d at 949. Accordingly, Plaintiff's motion must be reviewed under the discretionary standard in 28 U.S.C. § 1447(e). *See Newcombe*, 157 F.3d at 691. However, citing only Rule 15(a)'s liberal amendment standard, Plaintiff provides minimal argument for the addition of KHS&S as a defendant, merely noting that "[s]ince removal of the action to this Court, [Plaintiff] has learned the true name of KHS&S" and that under Nevada law, subcontractors may be held liable for construction defects they create. (Mot. to Amend 2:17–3:20, ECF No. 10) (citing Nev. Rev. Stat. §§ 40.620(1), 40.640, 40.615).

In contrast, Defendant presents several reasons to deny the motion under the factors articulated in *Boon v. Allstate Ins. Co.*, including that KHS&S is not an indispensable party under Rule 19 because Plaintiff can obtain complete relief from Defendant, a separate action against KHS&S is not time-barred, Plaintiff actually knew or could have reasonably learned of KHS&S's identity before the filing of the Complaint, the apparent motive for only adding one Nevada subcontractor is to destroy diversity jurisdiction, and no prejudice would result in denying joinder because Plaintiff's claims against KHS&S are identical to its claims against Defendant. (Resp. to Mot. to Dismiss 6:1–11:8, ECF No. 18). Plaintiff failed to file a Reply addressing the *Boon* factors or countering any of Defendant's arguments. Accordingly, having reviewed the filings and relevant law, the Court agrees with Defendant and finds that an

application of the *Boon* factors favors a denial of joinder under 28 U.S.C. § 1447(e). Accordingly, Plaintiff's Motion to Amend and Motion to Remand are denied.

### B. Motion to Dismiss

In its Motion to Dismiss, Defendant asserts that this case should be dismissed in its entirety because Plaintiff lacks standing to prosecute its claims. (Mot. to Dismiss 10:9–17:11, ECF No. 4). Defendant also asserts that Plaintiff's claims for breach of implied warranties and breach of express warranties should be dismissed because there is no direct contractual relation between Defendant and Plaintiff and Defendant was not the seller of the individual units. (*Id.* 17:12–19:11). As explained below, though the Court finds that Defendant's arguments for dismissal are unpersuasive, the Motion to Dismiss is granted on other grounds.

#### 1. Breach of Warranties Claims

Addressing Defendant's arguments for dismissal of the breach of warranties claims first, the Court finds that these arguments are without merit. Essentially, Defendant's arguments are premised on the mistaken assertion that Plaintiff's breach of warranties claims are brought under Nevada Revised Statutes §§ 104.2314–104.2316, which are part of Nevada's codification of the Uniform Commercial Code ("UCC"). (*Id.* 17:12–19:11). Defendant contends that because the UCC is limited to transactions in goods between buyers and sellers, it cannot be a basis for Plaintiff's claims regarding real property. (*Id.*).

Defendant is correct that the UCC does not permit Plaintiff's claims but fails to recognize that Nevada Revised Statutes §§ 116.4113 and 116.4114 create claims for breach of express and implied warranties of quality in common-interest communities. *See Holcomb Condo. Homeowners' Ass'n, Inc. v. Stewart Venture, LLC*, 300 P.3d 124, 130 (Nev. 2013) (reversing dismissal of an association's breach of warranties claims against the parties involved in the construction of a condominium arising under Nevada Revised Statutes §§ 116.4113 and 116.4114). Furthermore, Nevada courts recognize common law claims for breach of the

implied warranty of habitability against builders. *Radaker v. Scott*, 855 P.2d 1037, 1042 (Nev. 1993); s*ee also Westpark Owners' Ass'n v. Eighth Judicial Dist. Court ex rel. Cnty. of Clark*, 167 P.3d 421, 429 (Nev. 2007) (allowing claims for breach of warranty based upon construction defects). Therefore, both Chapter 116 and Nevada common law provide a basis for Plaintiff's breach of warranty claims, and Defendant's arguments regarding the inapplicability of the UCC are irrelevant. Accordingly, Plaintiff's breach of warranty claims will not be dismissed.

### 2. Plaintiff's Standing

As noted above, the CC&R's define three separate forms of ownership over the Platinum Hotel property: (1) the units owned by Plaintiff's members individually; (2) the airspace above and the ground below the Platinum Hotel owned by Plaintiff's members as tenants in common; and (3) the common facilities owned by Hotel Owner. *Infra* 1:26–2:7. In its lack of standing argument, Defendant asserts that because the CC&Rs limit Plaintiff's rights in the Platinum Hotel to the air above and ground below the structures, Plaintiff has no standing to bring claims on its own behalf for defective construction of those structures. (Mot. to Dismiss 10:9–12:13, ECF No. 4). Defendant also asserts that under Nevada law, Hotel Owner's written assignment of its rights to sue for defective construction of the common facilities was invalid, and even if it was valid, Plaintiff's failure to attach the document to its Complaint precludes it from asserting claims based on Hotel Owner's assignment. (*Id.* 12:14–14:4). Defendant further asserts that Plaintiff cannot bring a claim in a representative capacity on behalf of the unit owners because it has failed to allege that the defective conditions affected the "common-interest community" of the Platinum Hotel, which is necessary to bring a representative action under Nevada Revised Statutes § 116.3102. (*Id.* 14:5–15:19). Therefore, Defendant contends that Plaintiff has no rights to bring a claim on its own behalf, and has no standing to sue for defects in the common facilities or units.

First, the Court disagrees with Defendant's assertion that that Hotel Owner could not assign its rights to sue for defective conditions in the common facilities.  In making this assertion, Defendant relies upon the Nevada Supreme Court's decisions in *Achrem v. Expressway Plaza Ltd.*, 917 P.2d 447 (Nev. 1996) and *Maxwell v. Allstate Insurance Co.* 728 P.2d 812 (Nev. 1986).  Both these cases, however, prohibit the assignment of personal injury tort claims, not claims for damages to property. *See Achrem*, 917 P.2d at 448–49 (discussing the prohibition of assigning tort claims when a plaintiff was injured during school athletic activities); *Maxwell*, 728 P.2d at 814–15 (precluding subrogation of insurance claims for medical payments arising from a car wreck).  Though the Nevada Supreme has never expressly held that property damage claims may be assigned, the policy reasons for prohibiting the assignment of personal injury claims are premised upon the personal nature of the claims themselves and a desire to limit "unscrupulous people . . . traffic[king] in pain and suffering." *See Karp v. Speizer*, 647 P.2d 1197, 1199 (Ariz. Ct. App. 1982) (cited by the Nevada Supreme Court in *Achrem*); *see also Chaffee v. Smith*, 645 P.2d 966, 966 (Nev. 1982) (stating that "[t]he decision as to whether to bring a malpractice action against an attorney is one peculiarly vested in the client.").  These policy considerations do not exist in the case of damage to property where rights to the property itself can often be freely assigned. *See Waterton Global Mining Co., LLC v. Cummins Rocky Mountain, LLC*, No. 3:14-CV-0405-RCJ-VPC, 2015 WL 714485, at *4 (D. Nev. Feb. 19, 2015) ("There is no indication, however, that the policies mentioned in *Achrem*, *Chaffee*, and *Prosky* would apply in situations where a cause of action for damage to property is assigned, since the harm alleged in such a claim is specific to the property rather than the individual."); *see also* 6A C.J.S. *Assignments* § 51 (noting that the right of action in tort involving damage to real or personal property is especially assignable "when the assignee has acquired title to the property").  Additionally, Nevada courts often look to California law where Nevada law is silent, *Commercial Standard Ins. Co. v. Tab Constr., Inc.*, 583 P.2d 449,

451 (Nev. 1978), and under California law, "a claim for damages to real property may be assigned without transferring title or possession of the damaged property." *Martin v. Bridgeport Cmty. Ass'n, Inc.*, 93 Cal. Rptr. 3d 405, 414 (Cal. Ct. App. 2009). Therefore, Hotel Owner's assignment of its rights to sue for defective conditions in the Platinum Hotel common facilities is valid.[2]

Second, Defendant is also incorrect in its assertion that Plaintiff failed to sufficiently plead a representative action on behalf of the unit owners. Nevada Revised Statutes § 116.3102.1 provides that "the association: . . . (d) May institute, defend or intervene in litigation . . . in its own name on behalf of itself or two or more units' owners on matters affecting the common-interest community." Nev. Rev. Stat. § 116.3102.1(d) (2014). "Common-interest community" is defined earlier in the statute as:

> real estate described in a declaration with respect to which a person, by virtue of the person's ownership of a unit, is obligated to pay for a share of real estate taxes, insurance premiums, maintenance or improvement of, or services or other expenses related to, common elements, other units or other real estate described in that declaration.

Nev. Rev. Stat. § 116.021.1 (2014). In 2009, the Nevada Supreme Court determined that the definition of "common-interest community" included individual units and therefore § 116.3102.1(d) "confers standing on a homeowners' association to . . . assert claims that affect individual units." *D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 215 P.3d 697, 702–03 (Nev. 2009). In its Complaint, Plaintiff states that it "seeks recovery for damages to the property which consists of but is not limited to damages to the common areas, and/or damages to the

---

[2] Defendant is correct that Plaintiff cannot rely on the assignment to avoid dismissal based upon lack of standing because Plaintiff failed to attach the assignment to the Complaint or even allege it contents in the Complaint. *See Arpin*, 261 F.3d at 925; *see also Branch*, 14 F.3d at 454 ("documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss"). This defect in the Complaint, however, can be cured through the filing of an amended complaint with the assignment attached. Therefore, because the Court is dismissing Plaintiff's Complaint without prejudice for reasons discussed later in this Order, this defect does not further impeded Plaintiff's claims.

separate interests." (Compl. ¶ 3, ECF No. 1-1).  Therefore, Plaintiff sufficiently pled the claims of the individual unit owners in its representative capacity.  Accordingly, at the time Plaintiff filed its Complaint, Plaintiff had standing to assert claims for defects in the common facilities pursuant to Hotel Owner's assignment of its rights and standing to assert claims for defects in the various individual units pursuant to § 116.3102.1(d).

However, on February 24, 2015, the Nevada Legislature added the following sentence to the end of § 116.3102.1(d): "The association may not institute, defend or intervene . . . in its own name on behalf of itself or units' owners with respect to an action for a constructional defect pursuant to . . . this act *unless the action pertains exclusively to common elements*." NV LEGIS 2 (2015), 2015 Nevada Laws Ch. 2 (A.B. 125) (emphasis added).  The Legislative Counsel's Digest explains that the purpose of this amendment is to overturn the Nevada Supreme Court's holding in *D.R. Horton* so that "an association may not pursue a constructional defect claim on behalf of itself or units' owners, unless the claim pertains exclusively to the common elements of the association." *Id.*  Accordingly, if applicable, this amendment removes Plaintiff's standing for bringing this action on behalf of the individual unit owners.

It is well established that retroactive application of statutes is disfavored where such application "would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 37 (2006).  However, as explained by the Supreme Court of California, an amendment withdrawing statutorily granted standing to pursue claims on behalf of another applies to currently pending cases "because the measure does not change the legal consequences of past conduct by imposing new or different liabilities based on such conduct." *Californians For Disability Rights v. Mervyn's, LLC*, 138 P.3d 207, 212 (Cal. 2006).  In other words, because the revocation of statutory standing is a procedural change

regarding who may bring a claim and does not change the substantive rules regarding what conduct is mandated or prohibited nor limit the right of the injured party to recover, it is not retroactive. *Id.* Moreover, standing is a jurisdictional issue, and standing must exist at all times until judgment is entered, not just on the date that the complaint is filed. *Id.* at 212–13; *see also Coal. for ICANN Transparency Inc. v. VeriSign, Inc.*, 771 F. Supp. 2d 1195, 1200 (N.D. Cal. 2011) ("A party must have standing at the outset of a case and at all time throughout the litigation.") (citing *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000) (noting that "mootness" is the legal doctrine requiring the existence of standing throughout the litigation of a case)). Accordingly, giving the Nevada Legislature's amendment to § 116.3102.1(d) effect on the date it was enacted removes Plaintiff's standing to pursue claims for damages to individual units at that time, and necessitates dismissal of those claims.

It is unclear from Plaintiff's Complaint to what extent the alleged defects apply to the common facilities, the individual units, or both. The only paragraph in the Complaint addressing the location of the alleged defects merely states that "Plaintiff seeks recovery for damages to the property which consists of but is not limited to damages to the common areas, and/or damages to the separate interests within the Association's common interest, power and standing pursuant to Nevada." (Compl. ¶ 3, ECF No. 1-1). Therefore, because Plaintiff has standing to bring claims for defects in the common facilities but not in the individual units, but it is unclear where the defects alleged in Plaintiff's Complaint are located, the Court dismisses Plaintiff's Complaint without prejudice and grants leave to file an amended complaint alleging claims for construction defects only in the common facilities.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 8) and Motion to Amend Complaint (ECF No. 10) are **DENIED**.

/ / /

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (ECF No. 4) is **GRANTED**.  Plaintiff's Complaint (ECF No. 1-1) is **DISMISSED without prejudice**. Plaintiff shall have twenty-one days from the date of this order to file an amended complaint in accordance with this Order.  Failure to file an amended complaint by this time will result in dismissal with prejudice.

**DATED** this 16th day of March, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge